Mary M. **BROCKMAN**, Appellant,

v.

**Robert H. FINCH**,* **Secretary of Health, Education and Welfare**, Appellee.

No. 23137.

United States Court of Appeals
Ninth Circuit.

Oct. 31, 1969.

John B. Hennessy (argued), and Elmer Enstrom, Jr., San Diego, Cal., for appellant.

Ralph A. Fine (argued), Edwin L. Weisl, Jr., Asst. Atty. Gen., John C. Eldridge, Walter H. Fleischer, Attys., Dept. of Justice, Washington, D. C., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and ELY, Circuit Judges, and BYRNE, District Judge.**

ELY, Circuit Judge.

The appellant sought disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416 (i), 423. Her first application was filed in December 1960, and she then claimed that she had become unable to work in

---

* When the appeal was docketed in this court, the designated appellee was the Secretary of Health, Education and Welfare as of the time of the appeal. The court has, on its own motion, substituted the present Secretary.

** Hon. William M. Byrne, Senior United States District Judge, Central District of California, sitting by designation.

July or August 1953, as a result of injuries which she had sustained more than twenty years before. After extended administrative proceedings, which included a hearing, it was finally determined administratively, on November 6, 1962, that the application should be rejected. Central to the decision was the fact that the appellant had actually engaged in substantial gainful activity from November 1947 until September 1952 and that there had been no manifest change in her physical condition between the time "when she was last employed and March 31, 1958, when she last met the earning requirements." The Appeals Council thereupon affirmed the Hearing Examiner's decision, concluding that the appellant was not under "disability" within the meaning of the Act when she filed her application in 1960. The appellant did not seek judicial review of the appellee's final administrative decision.

Subsequently, on March 22, 1965, the appellant again applied for the establishment of a period of disability and for disability benefits. After this second application had been denied initially and again upon reconsideration, a hearing was conducted at the appellant's request. The hearing resulted in the Hearing Examiner's recommendation that the application be denied upon the ground that the earlier 1962 decision was, "to all intents and purposes," a decision "of administrative finality and is *res judicata* of the issues therein contained." Thereafter, on July 18, 1966, the Appeals Council entered its decision denying the application. It treated the second application, the one then before it, as an application to reopen its 1962 decision. It explained its denial to reopen by noting that some of the additional medical evidence was essentially repetitious of that considered in 1962 and that other portions of the new medical evidence related to physical problems of the appellant which had arisen after the expiration of her 1958 insured status. The Appeals Council al-

so pointed out that there was no new evidence presented in connection with the second application which affected "the correctness of the decision of November 6, 1962." The appellant thereupon sought judicial review of this final administrative decision. The District Court concluded that it was without jurisdiction to review the Appeals Council's decision of July 18, 1966, and dismissed appellant's action. This appeal followed.

The attorney for the appellant has frankly conceded, in oral argument, that if the appellee correctly treated appellant's second application as an attempt to reopen the 1962 decision, she may not successfully challenge the District Court's order of dismissal. Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963); *accord,* McCunney v. Gardner, 374 F.2d 110 (3d Cir. 1967); Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954). *Compare,* Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966). It is argued, however, that it was improper to treat the second application as a petition to reopen the earlier decision. This argument rests upon appellant's contention that the Appeals Council's explanation of reasons for its 1966 decision discloses that it made new factual and legal determinations and that hence, the second application was determined on the merits so that the District Court had jurisdiction to review. We cannot accept the argument. It is true that the Appeals Council reviewed some of the evidence presented in connection with the second application. It is also true that the appellant established, in the second proceeding, that she had earned only approximately $10,000 during a certain period, rather than the approximate $13,000 which was thought to be the correct amount when the 1962 decision was made. This discrepancy, however, as the Appeals Council pointed out in its second decision, was not of such significance as to affect the earlier determination. Our review of the record convinces us, as the District Court was

**118**

convinced, that the appellant presented no new and different claim in her second application from that which was presented in the 1960 application. In presenting the 1965 application, the appellant sought to establish that she was under disability during the same period as that with which the 1960 application was concerned. The issue had been fully and fairly determined in the earlier proceeding, and we cannot see that the challenged 1966 decision was erroneous, either on the basis of the application of administrative discretion or otherwise.

The fact that the appellee carefully expressed reasons in support of its 1966 decision not to reopen the earlier determination cannot, and should not, be held to convert the 1966 decision denying reopening, admittedly not judicially reviewable in the absence of expressed explanation, into a decision which the courts are empowered to review.

█ It is called to our attention that the Act was amended in 1965. One of these amendments altered the previous definition of "disability." When the appellant filed her 1960 application, the statutory definition contemplated the loss of substantial gainful activity for a "long-continued and indefinite duration." 42 U.S.C. § 416(i) (1) (1964). The 1965 amendment changed the quoted language to read "for a continuous period of not less than 12 months." Pub. L. 89–97 § 303(a) (1), 79 Stat. 366 (1965). During oral argument, appellant's counsel conceded that the particular amendment is not, in the particular circumstances of this case, material. The final administrative decision of 1962 held that the appellant was not under "disability" during the period in question. It therefore follows that the 1965 amendment, pertaining to mere *duration* of disability, rather than disability itself, was of no consequence in affecting either the second decision of the appellee or the determination made by the District Court and is of no consequence here.

Affirmed.