**Reba U. GASTON, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**No. 1443.**

United States District Court,
E. D. Kentucky,
Covington Division.

May 14, 1970.

---

**1328**

B. William Heidkamp, Cincinnati, Ohio, Harry K. Aurandt, Covington, Ky., for plaintiff.

Eugene E. Siler, Jr., U. S. Atty., by J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

The plaintiff, Reba U. Gaston, brings this action, allegedly, under the provisions of 42 U.S.C. § 405(g).

The record discloses that she filed an application for disability benefits on August 8, 1966, which was denied initially on December 9, 1966, and upon reconsideration on June 21, 1967. No appeal was taken from the reconsideration determination. On June 28, 1968, she filed a second application for disability insurance benefits. This application was denied on August 12, 1968, and upon reconsideration on February 5, 1969. A request for a hearing before a hearing examiner was made and on March 14, 1969, this request was dismissed on the grounds that the claimant last met the insured status for disability insurance benefits on March 31, 1965, at a time prior to the issuance of the reconsideration determination of June 21, 1967; that no new and material evidence was presented which would change the determination; and that the matter was res judicata under section 404.937(a) of Regulations No. 4 of the Social Security Administration (20 CFR 404.937(a)). The plaintiff then requested that the Appeals Council review the hearing examiner's action of March 14, 1969.

On May 1, 1969, the Appeals Council notified the plaintiff as follows:

"'Your request for review of the hearing examiner's dismissal has been carefully considered by the Appeals Council. The Council's consideration of your case included the law and regulations applicable to your claim, the action taken by the hearing examiner, and your reasons for believing that your request for hearing should not have been dismissed. The Appeals Council has concluded that the dismissal action of the hearing examiner is correct. Accordingly, the determination dated December 9, 1966, stands as the final determination of this Department.'"

The affidavit of James H. Nease, Chairman of the Appeals Council and Director of the Bureau of Hearings and Appeals, Social Security Administration, filed by the defendant on August 22, 1969, states that the final determination of the Department on the first claim

should be listed as June 21, 1967, instead of December 9, 1966, as the date of December 9, 1966, was the date of the initial determination.

On June 30, 1969, this action was filed. The plaintiff prays that the court "reverse the final decision made by and on behalf of defendant and determine that Plaintiff-Appellant is entitled to disability insurance benefits and a disability freeze from February 28, 1959, for such other relief as the Court may deem appropriate, and for costs."

The record is now before the court on the motion of the defendant to dismiss the action on the grounds that the court lacks jurisdiction; that it is barred by the time limitation of 42 U.S.C. § 405(g); and that the complaint fails to state a claim upon which relief can be granted. In support of the motion, the defendant files the affidavit of James H. Nease, heretofore referred to, and memorandums of law. The plaintiff has filed a memorandum in opposition to the defendant's motion to dismiss.

The plaintiff contends that the case is properly before the court for review of the action taken by the hearing examiner and the Appeals Council on the second application; that she has exhausted her administrative remedies; and that her action filed on June 30, 1969, is an appeal to this court. She cites the case of Cappadora v. Celebrezze, 2 Cir., 356 F.2d 1, as the leading case on the question of the court's jurisdiction to review the Secretary's denial of a hearing. There the court held that although a denial of a hearing does not fall within the provisions of review set forth in 42 U.S.C. § 405 (g), the court does have jurisdiction to review the order under the terms of the Administrative Procedure Act, 5 U.S.C. §§ 702–706. The Act provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The court was of the opinion that while the administrative agency has considerable discretion, it does not lead inevitably to a conclusion that such an exercise of administrative power is wholly immune from judicial examination. 5 U.S.C. § 706(2) (A) provides that the reviewing court shall hold unlawful any agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

The application of the Administrative Procedure Act to Social Security cases seems to be rather negligible. It has been this court's understanding, heretofore, that the manner and method of granting individuals relief under the Social Security Act are expressly provided by the terms of the Act. Whatever remedies are available must be timely exhausted administratively before this court has jurisdiction. 42 U.S.C. § 405 (g); Bartley v. Finch, (E.D.Ky.), 311 F.Supp. 876, decided by a three-judge court, April 27, 1970.

Since the rule laid down in the Cappadora case in 1966, research reveals a few cases that have followed its dicta. Casey v. Cohen, (W.D.Va.), 295 F.Supp. 561 (1968); Mullins v. Cohen, (W.D. Va.), 296 F.Supp. 260 (1969); Lyall v. Cohen, (W.D.Va.), 297 F.Supp. 606 (1969); Brockman v. Finch, 9 Cir., 418 F.2d 116 (1969).

The case of Kasparek v. Gardner, 9 Cir., 409 F.2d 214, 215 (1969), only assumes arguendo, that the Administrative Procedures Act authorizes judicial review of a determination of the Appeals Council not to reopen a prior administrative determination which rejected the plaintiff's claim.

In all the cases cited no abuse of discretion was shown and the action of the Secretary was affirmed in each instance. However, the reviewing court did have the record of proceedings before it. In the instant case, the court has only the complaint, the motion to dismiss, supported by an affidavit of the Chairman of the Appeals Council, and the briefs filed by the parties. It, there-

fore, cannot hold that the action of the Secretary in denying the plaintiff's second application for disability benefits was not "an abuse of discretion." By an order this day entered, the Secretary is directed to file a transcript of the proceedings relating to this plaintiff's claims. When the whole record is before the court, it will then be in a position to pass upon the motion of the defendant to dismiss the action.