**Reba U. GASTON, Plaintiff-Appellant,**

**v.**

**Elliott L. RICHARDSON, Secretary, Health, Education and Welfare, Defendant-Appellee.**

No. 71–1056.

United States Court of Appeals,
Sixth Circuit.

Dec. 1, 1971.

**462**

Robert H. Gorman, Cincinnati, Ohio, for plaintiff-appellant; B. Wm. Heidkamp, Cincinnati, Ohio, on brief.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before MILLER and KENT, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.

O'SULLIVAN, Senior Circuit Judge.

Reba U. Gaston appeals from a judgment of the United States District Court for the Eastern District of Kentucky, Covington Division, dismissing her complaint whereby she sought an award of social security benefits. Her claim had been denied by the Secretary of Health, Education and Welfare. Claiming to be unable "to engage in any substantial gainful activity" as the result of an industrial accident which occurred on February 28, 1958 [1], plaintiff, on August 8, 1966, filed an application for disability benefits. Her application was denied initially on December 9, 1966, and again, upon reconsideration, by order entered on June 21, 1967. In the initial notice of denial, appellant was told:

"After studying all the facts in your case, including the medical evidence and your statements, and considering your age, education, training and experience, it has been determined that your condition was not disabling within the meaning of the law on February 28, 1959, (the date you state you became unable to work), or on any later date through March 31, 1965. This is the last day on which you still met the earnings requirement."

In the Notice of Reconsideration Determination, dated June 21, 1967, she was again told that her application was denied, and was also advised:

"If you believe that the reconsideration determination is not correct, you may request a hearing before a hearing examiner of the Bureau of Hearings and Appeals. If you want a hearing, you must request it not later than 6 months from the date of this notice. You should make any such request through your Social Security District Office, Covington, Kentucky. Read the enclosed leaflet BHA–1 for a full explanation of your right to appeal."

No request for a hearing before an examiner was made, nor was any appeal or review of the June 21, 1967 Reconsideration Determination attempted.

Notwithstanding the foregoing, appellant on June 28, 1968, filed another application. This gave the same date for the onset of disability, February 28, 1959, and described her disability as "severe pain in back, arms and legs." She advised in this application that she was receiving Workmen's Compensation benefits. No mention was made that a previous application had been denied. No new evidence, medical or otherwise, was proffered. An initial disposition of the second application was made by an order

---

1. There was some confusion as to the date of her accident. She later gave the date as February 28, 1959 and also as February 27, 1959. We attach no importance to these discrepancies.

entered August 5, 1968, asserting as its basis:

"Administrative res judicata. 20/40 last met 3/31/65. Previously denied for lack of severity in claim filed 8/8/66. New evidence in file does not reflect new facts for same adjudication period already decided on 12/6/66 and 6/15/67. No basis exists for *reopening the prior determination on application dated 8/8/66.*" (Emphasis supplied.)

At that time and by that order Mrs. Gaston was told, *inter alia*:

"On June 15, 1967, you were notified of the reconsideration determination, that your condition was not found to be disabling within the meaning of the law at any time on or before March 31, 1965, the date that you last met the earnings requirement. In that notice you were advised that you could request a hearing before a hearing examiner of the Bureau of Hearings and Appeals within 6 months if you believed this decision was not correct. Our records do not show that a review of that decision was requested.

"We have studied the information furnished with your present application and find that the facts are the same as those previously considered in connection with your earlier application. Therefore, your present application must be denied. Since, as explained above, the disability must exist at a time when a person meets the earnings requirement, it has not been necessary to consider whether your condition is disabling at any time after March 31, 1965, the date you last met the earnings requirement.

"If you have any evidence about your condition on or before March 31, 1965, which was not previously sent in for consideration, you may submit it for review. It is not necessary to file a new disability application for this purpose."

On January 28, 1969, appellant filed a Request for Reconsideration, advising that she had an attorney and naming him. The form called for submission of or reference to any additional evidence. To this, the answer was "none." On February 5, 1969, both Mrs. Gaston and her attorney were notified of the denial of the Request for Reconsideration and the reasons therefor. A letter to appellant's attorney told of his client's right to a hearing before an examiner, and that:

"At a hearing she can appear in person, submit any additional evidence, bring witnesses in her behalf and be represented by counsel."

A request for a hearing before an examiner was made and the matter came on for such hearing before Charles M. Gowdy, Hearing Examiner. On March 14, 1969, this examiner entered an Order of Dismissal which made reference to the 1967 denial of benefits to appellant and concluded:

"In view of the fact that the claimant last met the special earnings requirement for disability purposes on March 31, 1965 and all issues were considered in prior determinations from which no appeal was taken, this request for hearing filed on January 9, 1969 is hereby dismissed under the doctrine of res judicata, pursuant to the 1965 provisions of the Social Security Act and the clarifications of the 1967 amendments to the Act."

The Appeals Council affirmed this action of the examiner on May 1, 1969, and the District Court proceeding before us was commenced by a Complaint filed June 30, 1969.[2] When faced with a Mo-

---

2. This pleading does not attack the validity of the Secretary's first denial of benefits to plaintiff, neither is it in form or substance an attempt to obtain a reopening of the original and unappealed decision, as permitted by 20 C.F.R. § 404.957. The "good cause" for which such a reopening may be granted is defined in 20 C.F.R. § 404.958(c) as follows:

"There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based."

tion to Dismiss for lack of jurisdiction, appellant's principal reliance was upon the Administrative Procedure Act which in 5 U.S.C. § 706 permits review of any agency ruling which is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." District Judge Mac Swinford would not pass upon this contention without having the full administrative record before him. Accordingly, he directed the Secretary to file a transcript of the proceedings which had been had relating to plaintiff's claim. Gaston v. Finch, 312 F.Supp. 1327, 1330 (E.D.Ky. 1970). In that opinion, Judge Swinford expressed his doubt as to the applicability of the Administrative Procedure Act to proceedings under the Social Security law. Upon the filing and his examination of the transcript returned to him, he held that they disclosed no "abuse of discretion" on the part of the Secretary, even if the Secretary's action was subject to review under the Administrative Procedures Act. He concluded also that res judicata foreclosed further prosecution of appellant's application. We are of the view that what was done by the Secretary and by the District Judge in this matter was procedurally correct.

Appellant's main contention is that res judicata cannot attach until there has been a hearing. This is stated in appellant's brief as follows:

> "The Doctrine of Res Judicata under the terms of the Social Security Act, 42 U.S.C. 405(h), does not attach until an administrative hearing has been held, and therefore, defendant's motion to dismiss should have been overruled by the District Court."

But no request for such a hearing was made after the June 21, 1967, Reconsideration Determination. By the provisions of 20 C.F.R. § 404.916, such failure to request a hearing rendered the Reconsideration Determination final and binding. The mentioned section provides:

> "§ 404.916 Effect of reconsidered determination.

> "The reconsidered determination shall be final and binding upon all parties to the reconsideration unless a hearing is requested in accordance with § 404.918 and a decision rendered or unless such determination is revised in accordance with § 404.956."

The claimant again sought benefits after the denial of her first application in the form of a second application for disability benefits. The second claim was denied and the request for a hearing was refused by the hearing examiner, pursuant to 20 C.F.R. § 404.937(a) which states:

> "(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, *upon the claimant's failure timely to request reconsideration, hearing, or review,* or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951." (Emphasis supplied.)

Hearing Examiner Charles M. Gowdy's order conformed to the regulations. In appellant's address to us she asserts that there can be no finality to any action by the Secretary until there has been "a hearing to which he [she] was a party." This quoted language is taken from 42 U.S.C. § 405(g), which provides in part:

> "(g) Any individual, after any final decision of the Secretary *made after a hearing to which he was a party,* irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." (Emphasis supplied.)

In this case, denial, of appellant's application for reconsideration was made on June 21, 1967, and notice of her right to have a *hearing* before an examiner

was given to her. She made no request and her position here must be that repeated applications for benefits may be made without limit so long as, by her choice, no hearing is requested or had. We disagree with such contention.

Appellant further argues that the Secretary's Regulation, 20 C.F.R. § 404.916, cited above, is in conflict with the statute which provides for judicial review —§ 405(g). This section, so it is argued, provides for review "after any final decision of the Secretary made *after a hearing* to which he was a party." Whether or not there shall be such a hearing is entirely within the control of the applicant. He can fail to exercise such right and let the finality of denial of benefits mature before the provisions of § 405(g) or (h) become procedurally useable. The regulation, § 404.937, providing that *res judicata* may bring finality to denial of benefits, does not impair the right of review provided in § 405 of the statute.

There have been some District Court cases which appear to be in conflict with the foregoing by refusing to apply *res judicata* where there was no hearing. Gilliam v. Gardner, 284 F.Supp. 529 (D.S.C.1968); Townend v. Cohen, 296 F.Supp. 789 (W.D.Pa.1969); Liles v. Finch, S.D.Ohio, No. 7,092 (March 18, 1970). Without setting out our analysis of them, we are satisfied that either their facts forbid their being considered as analogous to the matter at bar, or we respectfully decline to follow them.

We consider that the following cases represent the better rule and are supportive of what we have said: Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970); Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971).

In Leviner v. Richardson, *supra,* the Fourth Circuit dealt specifically with the contention that res judicata may not apply until a hearing has been had. The Court said:

"The sole legal question in this case is whether the doctrine of *res judicata* is applicable *where no hearing was requested on the prior claim* so that the Secretary's determination became final without a hearing. The only Court of Appeals which has considered the question is that of the Third Circuit. In Domozik v. Cohen, 413 F.2d 5 (3 Cir. 1969) (per curiam), it was held that where a claimant filed an application for disability benefits which was denied on the ground that disability was absent on the terminal date of his insured status and *where the claimant failed to exercise his right* to reconsideration and *to a hearing,* the denial was nevertheless *res judicata* of a subsequent application for the same benefits on the same grounds. We agree." 443 F.2d at 1342 (Emphasis supplied.)

In the case before us appellant, at the time of the first denial and thereafter, was told of her right to a reexamination. After she had employed counsel, she was again invited to reopen the matter and, if she chose, to present additional evidence to sustain her claim. This she declined to do.

The Act of Congress and the Regulations validly adopted thereunder exhibit much leniency in setting up the procedures to be employed by anyone seeking social security benefits. Notwithstanding the provisions of 20 C.F.R. § 404.937 which provides for application of res judicata where timely use of the review procedures have not been employed, the Regulation gives an additional opportunity to overturn a decision of the Secretary. Regulation § 404.957 provides for reopening within four years of an initial decision upon a showing of "good cause". 20 C.F.R. § 404.958(c) provides:

" 'Good cause' shall be deemed to exist where:

\*　　\*　　\*　　\*　　\*　　\*

(c) There is an error as to such determination or decision on the face of

the evidence on which such determination or decision is based."

Such a reopening has not been applied for within the period provided.

The right to receive social security benefits does not derive from the common law or the United States Constitution. It came into being by Act of Congress. Such Act and the regulations validly adopted are binding on us. We are not at liberty to ignore them.

Judgment affirmed.