Richard MADDOX, Plaintiff-Appellant,

v.

Elliot L. RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 72-1056.

United States Court of Appeals,
Sixth Circuit.

Aug. 10, 1972.

Frank J. Neff, Barkan, Barkan &
Neff, Columbus, Ohio, for appellant.

Thomas J. Press, Dept. of Justice,
Civil Division, Washington, D. C., L.
Patrick Gray, Asst. Atty. Gen., Kathryn
H. Baldwin, Dept. of Justice, Civil Division, Washington, D. C., on brief; William W. Milligan, U. S. Atty., Columbus,
Ohio, on brief, for appellee.

Before EDWARDS, McCREE and
MILLER, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from the dismissal
of a complaint seeking review of a decision of the Secretary of Health, Education and Welfare denying disability benefits.

Appellant claims that he became disabled from work in 1955 because of a
back injury. It is not disputed that his
special earnings requirement expired on
June 30, 1960. He has filed five applications for benefits, the fifth of which
is before this court. The four earlier
applications were made without the aid
of counsel and, in each earlier case, appellant failed to request a hearing on his
application after its denial by the Social
Security Administration. He requested
reconsideration only of the denial of the
fourth application; and, upon reconsideration, it, too, was denied on August
20, 1966. No further appeals have been
taken from any of the four earlier applications.

This application, which was accompanied by two medical reports not previously submitted, was filed on June 4, 1969,
with the aid of counsel. Counsel for appellant now asserts that

[appellant] having been unrepresented prior to this application, proper

medical evidence had not been submitted supporting his claim and counsel therefore submitted additional medical evidence clearly constituting new and material evidence under the Social Security Regulations and grounds for "good cause" for reopening plaintiff's earlier applications.

When this application was denied, a hearing was requested for the first time.

The hearing examiner denied the request for a hearing on the ground that the issues raised by the application were res judicata, and he refused to reopen the prior determinations in the case. He stated:

Section 404.937 of the Social Security Administration's Regulations No. 4 (20 CFR 404.937) provides as follows:

"The hearing examiner may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) 'Res Judicata—Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision . . .' "

The Hearing Examiner can find no basis for reopening prior determinations made in this case, and he finds

that the prior actions taken are *res judicata* with respect to the issues the claimant now seeks to resurrect.

Thereafter, appellant requested review of the hearing examiner's decision by the Appeals Council. That body informed him by certified letter that the "dismissal action of the hearing examiner is correct. Accordingly, the determination dated August 20, 1966, stands as the final decision of the Department." [1]

In ruling upon appellee's motion to dismiss, the court below apparently regarded the complaint as one merely seeking review of the Secretary's determination of the merits of the application, under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The District Judge therefore dismissed the complaint on the ground that the Secretary's denial of the earlier applications for benefits had become final and no request for review had been made. He did not discuss the availability of review of the Secretary's decision denying reopening of prior determinations. However, appellee acknowledges the fact that the complaint may be read as also seeking review of the Secretary's decision denying reopening. Appellant contends that the decision not to reopen is reviewable both under the Social Security Act, 42 U.S.C. § 405(g), and under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. He asserts that the additional medical reports submitted with his fifth application, particularly the reports of Doctors Ridgeway and Fisher, constitute "good cause" within the meaning of 20 C.F.R. § 404.958, for reopening the Secretary's earlier determinations pursuant to 20 C.F.R. § 404.957.[2]

1. The Secretary apparently considered August 20, 1966, the pertinent date of finality because of the provisions of 20 C.F.R. § 404.916:

The reconsidered determination shall be final and binding upon all parties to the reconsideration unless a hearing is requested in accordance with § 404.918 and a decision rendered or unless such determination is revised in accordance with § 404.956.

No reconsideration of the first three applications was requested, and the Secre-

tary apparently did not regard the unreconsidered denials of the earlier applications as binding, despite the provision of 20 C.F.R. § 404.908:

The initial determination shall be final and binding upon the party or parties to such determination unless it is reconsidered in accordance with §§ 404.910–404.916, or it is revised in accordance with § 404.956.

2. Those regulations provide:

§ *404.957 Reopening initial, revised, or reconsidered determinations of the*

We first observe that this Circuit has followed the Fourth and Third Circuits in holding that the doctrine of res judicata may validly be applied by the Secretary, pursuant to 20 C.F.R. § 404.937, when a prior administrative denial of an application raising the same issues has become final because of the applicant's failure to make a timely request for a hearing. Gaston v. Richardson, 451 F.2d 461 (6th Cir. 1971). Appellant has suggested no basis for distinguishing that decision, and none appears. Accordingly, the District Court's decision refusing to review the merits of appellant's claim under § 405(g) was correct.

However, in *Gaston,* we expressly did not decide whether to review the Secretary's refusal to reopen his determination, because

[the] pleading [filed in the District Court] does not attack the validity of the Secretary's first denial of benefits to plaintiff, neither is it in form or substance an attempt to obtain a reopening of the original and unappealed decision, as permitted by 20 C.F.R. § 404.957.

Gaston v. Richardson, *supra,* 451 F.2d at 463 n. 2. Accordingly we decide for the first time whether judicial review is available to a claimant whose application for reopening a prior adverse determination has been denied by the Secretary. In approaching this question, we bear in mind the fact that

[t]he Act of Congress and the Regulations validly adopted thereunder exhibit much leniency in setting up the procédures to be employed by anyone seeking social security benefits. Notwithstanding the provisions of 20 C.F.R. § 404.937 which provides for application of res judicata where timely use of the review procedures have not been employed, the Regulation gives an additional opportunity to overturn a decision of the Secretary. Regulation § 404.937 provides for reopening within four years of an initial decision upon a showing of "good cause."

Gaston v. Richardson, *supra,* 451 F.2d at 465. We further observe that an authoritative answer has been provided for the question before us by the Second Circuit in Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966). We agree with the decision of that court, which was announced in an opinion authored by Judge Friendly.

Appellee's principal contention, as it was in *Cappadora,* is that sections 205 (g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g), (h), deprive the District Court of jurisdiction to review

---

*Administration and decisions or revised decisions of a hearing examiner or the Appeals Council; finality of determination and decisions.*

An initial, revised, or reconsidered determination of the Administration or a decision or revised decision of a hearing examiner or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

(a) Within 12 months from the date of the notice of the initial determination (see § 404.907), to the party to such determination, or

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision . . . .
. . .

§ 404.958 *Good cause for reopening a determination or decision.*

"Good cause" shall be deemed to exist where:

(a) New and material evidence is furnished after notice to the party to the initial determination;

(b) A clerical error has been made in the computation or recomputation of benefits;

(c) There is an error as to such determination or decision on the face of the evidence on which such determination or decision is based.

For a suggestion of some other ambiguities in the regulations which we are not required to resolve here, see Cappadora v. Celebrezze, 356 F.2d 1, 3 n. 1 (2d Cir. 1966), in which the court stated that the Social Security regulations "are a model of what regulations addressed mostly to laymen—or even to lawyers—ought not to be . . . ."

the denial of reopening. Those sections provide:

(g) Review.

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . . The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . .

(h) Finality of Secretary's decision.

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. . . .

Appellant relies upon the language of the Administrative Procedure Act held by the *Cappadora* court to permit review of a refusal to reopen. The applicable provisions of Title 5, U.S.C., provide:

§ 701. Application; definitions

(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

.  .  .  .  .  .

§ 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

.  .  .  .  .  .

§ 704. Actions reviewable

Agency action made reviewable by statute and final agency action for which there is no adequate remedy in a court are subject to judicial review.

.  .  .

.  .  .  .  .  .

§ 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

.  .  .  .  .  .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

.  .  .  .  .  .

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

We believe that the Second Circuit, in *Cappadora, supra,* correctly stated the applicability of these provisions to a refusal to reopen:

Although it could be argued that the second sentence of § 405(h) of the Social Security Act is a statutory preclusion of such review, the more reasonable construction is that this simply forbids attempts to review final decisions on the merits by any route other than that provided in § 405(g). The question thus is whether the Act "so far" commits decision to reopen to agency discretion that a refusal would not be open to review even in case of abuse.

The fact that reopening is a matter of agency discretion to a considerable extent, see 20 C.F.R. § 404.957 (1965), does not lead inevitably to a conclusion that such an exercise of administrative power is wholly immune from judicial examination; § 10(e) of the APA expressly authorizes the courts

to set aside any administrative decision constituting an abuse of discretion. The question is whether the Secretary in deciding not to reopen enjoys absolute discretion—whether such a decision is totally comitted [sic] to the judgment of the agency because of the practical requirements of the task to be performed, absence of available standards against which to measure the administrative action, or even the fact that no useful purpose could be served by judicial review. In this instance, review may seem unnecessary because of the benevolent role of the Social Security Administration and impracticable because of the volume of the agency's business . . . . On the other hand, a review of refusals to reopen, necessarily limited to abuse of discretion, would impose a relatively slight burden on the agency and the courts; a motion for summary judgment based on the administrative record is all that would be needed in the overwhelming bulk of cases. Moreover, being significantly limited in scope in order to respect the discretion vested in the agency, review of a refusal to reopen is not inconsistent with the scheme of the Social Security Act.

Cappadora v. Celebrezze, *supra,* 356 F. 2d at 5–6.

Appellee contends that the Ninth Circuit, in Filice v. Celebrezze, 319 F.2d 443, 445 (9th Cir. 1963), correctly concluded that "Congress has not authorized judicial review of orders of the Secretary refusing to reopen prior final decisions." However, we observe that the court in *Filice* did not consider the provisions of the Administrative Procedure Act relied upon by this court and by the court in *Cappadora;* and it is not altogether clear whether *Filice* states the settled law of the Ninth Circuit. *Compare* Kasparek v. Gardner, 409 F.2d 214, 215 (9th Cir. 1969) (rehearing denied), *with* Brockman v. Finch, 418 F.2d 116, 117–118 (9th Cir. 1969). Nevertheless, we adopt the reasoning of the court in *Cappadora. Accord,* Davis v. Richard-

son, 460 F.2d 772 (3rd Cir. 1972); *but cf.* Hobby v. Hodges, 215 F.2d 754 (10th Cir. 1954).

We also find unpersuasive a second argument advanced by appellee:

[T]he operative provision of the APA upon which the Second Circuit relied, now 5 U.S.C. 704 authorizes review only of "[a]gency action made reviewable by statute and every *final agency action* for which there is no other adequate remedy in a court * * *." (Emphasis supplied). There appears to be no reason why a decision of the Secretary refusing to reopen—a decision which all the courts of appeal which have considered the question would agree is not a reviewable "final decision" under 42 U.S.C. 405(g)— would be a "final agency action" for purposes of the APA, 5 U.S.C. 704.

We observe that 42 U.S.C. § 405(g) makes provision for judicial review of the merits of a claim following a final decision of the Secretary. The Administrative Procedure Act, on the other hand, makes provision for review only under the limited criteria set forth in that Act. The provision applicable here limits review to final agency action for which there is no other adequate remedy in a court. It is clear that the Secretary's refusal to reopen is final in that no further administrative steps remain to be taken; and that it is equally clear that, if the Administrative Procedure Act does not apply, no judicial review will be available. Accordingly, the Secretary's decision not to reopen seems to be squarely within the meaning of 5 U. S.C. § 704:

[W]e do not believe that Congress would have wished to close the doors of the courts to a plaintiff whose claim for social security benefits was denied because of an unreasonable or inappropriate agency rule on reopening or because of a truly arbitrary administrative decision, e. g., that reopening would never be granted to Brooklynites. Absent any evidence to the contrary, Congress may rather be presumed to have intended that the

courts should fulfill their traditional role of defining and maintaining the proper bounds of administrative discretion and safeguarding the rights of the individual. See 4 Davis, Administrative Law, Treatise § 28.21 (1965 pocket part, p. 31); Jaffe, Judicial Control of Administrative Action 372 (1965).

Cappadora v. Celebrezze, *supra*, 356 F.2d at 6.

Accordingly, the District Court's order granting the Secretary's motion to dismiss is reversed insofar as it pertains to appellant's request for review of the refusal to reopen. The case is remanded to the District Court for a determination whether the Secretary abused his discretion in refusing to reopen his earlier determination.

Reversed and remanded.