James E. YOUNG, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. C-81-3519 SAW.

United States District Court, N. D. California.

June 21, 1982.

James E. Young, in pro. per.

Joseph P. Russoniello, U. S. Atty., John F. Barg, Chief, Civ. Div., Judith Whetstine, Asst. U. S. Attys., San Francisco, Cal., for defendant.

## ORDER GRANTING MOTION TO DISMISS

WEIGEL, District Judge.

This is an action for judicial review of defendant's dismissal of plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act (Act). The matter is before the Court on defendant's motion to dismiss.

Upon review of the pleadings, memoranda and administrative record, it appears that the Court lacks jurisdiction over the subject matter and defendant's motion to dismiss must be granted.

Plaintiff has filed three separate applications for disability insurance benefits. The first, filed on October 7, 1976, sought a period of disability and disability insurance benefits, as well as supplemental security income. Following initial and reconsidered denials of the application, and upon a request for hearing, an administrative law judge (ALJ) issued a decision, dated December 22, 1977, holding that plaintiff was not entitled to a period of disability or disability insurance benefits, but was eligible for supplemental security income commencing on April 14, 1977. Plaintiff did not file a request for review. Thus, under 20 C.F.R. 404.955, that decision became final.

A second application was filed on September 14, 1978. Following initial and reconsidered denials of this application, an ALJ dismissed plaintiff's request for hearing on the grounds of *res judicata*, because the December 22, 1977 determination of plaintiff's rights, on the same facts and on the same issues, had become final by administrative action. *See* 20 C.F.R. 404.957; *Peoples v. Richardson* 455 F.2d 924 (4th Cir. 1972); *Gaston v. Richardson*, 451 F.2d 461

(6th Cir. 1971). Upon plaintiff's request for review of the ALJ's action, the Appeals Council advised plaintiff, by notice dated September 7, 1979, that the ALJ's action was correct and that there was no basis for granting the request for review of the dismissal because no new evidence had been submitted in support of the second application.

The procedural history of plaintiff's third application, filed on September 18, 1979, substantially parallels that of the second. The application was denied initially and on reconsideration. Plaintiff's request for hearing was dismissed on the grounds of *res judicata.* The Appeals Council upheld the ALJ's action and, by notice dated Aug. 27, 1981, denied plaintiff's request for review. On September 3, 1981, plaintiff filed the instant action for judicial review.

The Court has jurisdiction to review "any final decision of the Secretary made after a hearing to which [the applicant] was a party" so long as the action for review is commenced within sixty days of the notice of decision. 42 U.S.C. § 405(g). On the facts here, the ALJ's decision of December 22, 1977 became the "final decision" of the Secretary. Plaintiff's second and third applications for disability insurance benefits were essentially reassertions of his first claim. An ALJ determined, with respect to both applications, that they involved the same party, facts and issues as the first application and decision, and that the evidence was either duplicative or cumulative and thus did not warrant an additional hearing. As stated in *Easley v. Finch,* 431 F.2d 1351, 1353 (4th Cir. 1970) (emphasis added),

> A final decision, which is not reviewed promptly, is binding on the claimant. [footnote omitted] ... [T]hese statutory restrictions on the power of federal courts to review Social Security matters necessarily imply the existence of an administrative form of the *res judicata* doctrine. If a claimant has no right to judicial review of a decision denying him benefits unless he brings an action within sixty days of the denial, *he has no right to regain it, or indefinitely extend it, by a perfunctory reassertion of his claim after expiration of the time to seek judicial review.*

Because plaintiff did not bring an action for judicial review within sixty days of the decision on his first application for benefits, he cannot now bring such an action on a dismissal of his "perfunctory reassertions" of that claim after expiration of the sixty days. Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is granted.