787 F.2d 590
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE E. GOLDSBY, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH and HUMAN SERVICES,
Defendant-Appellee.
 85-5245
 United States Court of Appeals, Sixth Circuit.
 3/6/86
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 Before: ENGEL, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant George Goldsby's social security disability benefit claim has been denied by the defendant Secretary and by the decision of an administrative law judge (ALJ). The Appeals Council denied the request to review the ALJ's decision. Mr. Goldsby now appeals from the district court order which adopted, in full, the findings of a magistrate and granted summary judgment in favor of the defendant. Since we find substantial evidence in the record, taken as a whole, to support the Secretary's determination to deny benefits, we affirm the decision of the district court.
 
 
 2
 At the time of the administrative hearing, Mr. Goldsby was 39-years old. His claim of disability derives from a fall at work in 1965 which injured his back. Surgery was performed on his back in 1977 and again in 1979.
 
 
 3
 This is Mr. Goldsby's second claim of disability relating to his back injury. His first claim was denied on November 16, 1981. That decision was not appealed. Our review is thus limited to whether Mr. Goldsby's condition has deteriorated since November 16, 1981, to the extent that he is now disabled within the meaning of the Social Security Disability Act. Gaston v. Richardson, 451 F.2d 461 (6th Cir. 1971).
 
 
 4
 The ALJ found that Mr. Goldsby has a twelfth grade education, no transferable work skills, and a residual functional capacity for medium work. The ALJ also found that Mr. Goldsby has a nonexertional impairment in that he is only occasionally able to climb, balance, stoop, kneel, crouch, and crawl. The ALJ specifically stated, however, that this nonexertional impairment would not prevent the claimant from performing a 'wide range' of medium work. The ALJ noted that the physical capacities evaluation by Dr. William Jennings, Mr. Goldsby's treating physician, supported a conclusion that Mr. Goldsby's maximum residual functional capacity was for light work. The ALJ discounted Dr. Jennings' evaluation because it was not supported with clinical or diagnostic findings. Greater reliance was placed upon the evaluation by Dr. Kenneth Phillips because it was based upon the explicit clinical and diagnostic findings of Dr. E. W. Chick. Dr. Phillips' report indicated that, from an exertional standpoint, Mr. Goldsby had a residual functional capacity for at least medium work activity.
 
 
 5
 The ALJ found that, based upon Mr. Goldsby's age, education, residual functional acpacity, and relevant past work, the medical vocational guidelines of 20 C.F.R. 404, subpt. P, app. 2 (1985), mandated a conclusion of 'not disabled.' The ALJ specifically determined that Mr. Goldsby's nonexertional limitations would not prevent him from performing a wide range of medium work activity. In entering an order declaring that Mr. Goldsby was not disabled, the ALJ found that Mr. Goldsby's claim was not supported by the weight of medical evidence in the record.
 
 
 6
 On appeal to this Court, Mr. Goldsby presents three arguments. First, he contends that the ALJ, in making his factual findings, failed to give more weight to the report of the treating physician than he gave to the findings of a physician who examined him, only once, on the Secretary's behalf. He cites the general rule that 'reports of physicians who have treated the claimant/patient over a number of years are to be given greater weight than are reports of physicians employed and paid for by the government for the purpose of defending against a disability claim.' Kirk v. Secretary, HHS, 667 F.2d 524, 536 (6th Cir. 1981) cert. denied, 461 U.S. 957 (1983). The Secretary's response is that the general rule applies where the opinion of the treating physician is based on sufficient medical data. Houston v. Secretary, HHS, 736 F.2d 365 (6th Cir. 1984). We believe the ALJ gave Dr. Jennings' report, which was unaccompanied by clinical or diagnostic findings, the credit it was due.
 
 
 7
 Mr. Goldsby's second argument is that the ALJ erroneously disregarded subjective evidence of his pain on the basis of his demeanor at the hearing alone. Mr. Goldsby cites cases which state that pain alone may support a finding of disability even where unaccompanied by medical data or objective evidence. See, e.g., Sayers v. Gardner, 380 F.2d 940 (6th Cir. 1967). Mr. Goldsby contends that the medical evidence is consistent with his own statements as to the severity of his pain, and that the ALJ failed to base his finding of noncredibility on evidence demonstrating Goldsby's lack of veracity.
 
 
 8
 The Secretary contends that Mr. Goldsby has failed to support his claim of disabling pain with objective medical evidence, a requirement, the Secretary asserts, that is imposed by 42 U.S.C. Sec. 423(d)(5). As part of the Social Security Disability Benefits Reform Act of 1984, Pub. L. No. 98-460, 98 Stat. 1794 (1984), the explicit requirement that complaints of disabling pain be supported by objective medical evidence was added to 42 U.S.C. Sec. 423(d)(5). The Secretary has long asserted that the statute requires objective medical evidence of disabling pain, see 20 C.F.R. Sec. 404.1529 (1985), and views the 1984 amendment of 42 U.S.C. Sec. 423(d)(5) as a reaffirmation of Congressional intent to so require. In addition, the Secretary argues that the ALJ did not rely only upon Mr. Goldsby's demeanor and the absence of outward manifestation of excruciating pain in denying the appellant's claim. In particular, the ALJ found that an absence of muscle atrophy, tissue changes, significant loss of weight, or any indication of impairment of general nutrition supported his conclusion that the claimant was not disabled by pain.
 
 
 9
 The Secretary further argues that Mr. Goldsby's reliance upon the report of a Dr. Hughes, dated October 15, 1981, is misplaced. Dr. Hughes' medical report was prepared in conjunction with Mr. Goldsby's first claim of disability. As such, it is irrelevant to the determination of whether Mr. Goldsby's condition has worsened since November 16, 1981, to the extent that he is now disabled. See Gaston v. Richardson, supra.
 
 
 10
 The Secretary also distinguishes Mr. Goldsby's reliance upon his two back operations and his use of pain medication. The Secretary argues that the mere fact of a history of back operations does not give rise to an automatic entitlement to disability benefits. Mr. Goldsby testified at the hearing that he takes his severe pain medication only once or twice a week. While Mr. Goldsby is in some pain, the Secretary argues, he does not suffer from disabling pain.
 
 
 11
 Finally, the Secretary notes that Mr. Goldsby's wide and varied activities support a conclusion that he is not suffering from disabling pain. In particular, Mr. Goldsby enjoys flying a plane a couple of hours each month, one hour at a time, drives his car every day, attends church on Sunday, goes fishing occasionally, and visits with friends. Mr. Goldsby also attended community college during the 1981-82 school year, carrying a full-time academic load.
 
 
 12
 We believe the finding by the Secretary, that Mr. Goldsby is not disabled by his pain, is supported by substantial evidence.
 
 
 13
 Mr. Goldsby's third argument is that the ALJ incorrectly applied the medical vocational guidelines of 20 C.F.R. Sec. 404, supbt. P, app. 2, to reach a finding of nondisability, in light of Mr. Goldsby's nonexertional impairments which restrict him from performing a full range of medium work. He relies upon authority that provides that the guidelines are inapplicable when the claimant's nonexertional limitations are 'severe enough to restrict a full range of gainful employment at the designated level.' Kirk, supra, at 537.
 
 
 14
 The Secretary responds that even if Mr. Goldsby's residual functional capacity is for sedentary or light work, the medical vocational guidelines still direct a finding of nondisability. We find that the record bears substantial evidence to support the Secretary's conclusion that Mr. Goldsby is capable of medium work activity.
 
 
 15
 For the foregoing reasons, we affirm summary judgment in favor of the Secretary.