**Tom H. WOODS, Plaintiff-Appellant,**

v.

**Elliot RICHARDSON, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 72–1193.**

United States Court of Appeals, Sixth Circuit.

Aug. 10, 1972.

740

H. H. Gearinger, Gearinger, Bowles & Petty, Chattanooga, Tenn., for plaintiff-appellant.

Thomas J. Press, Civil Div., Dept. of Justice, Washington, D. C., for defendant-appellee; L. Patrick Gray, Asst. Atty. Gen., Kathryn H. Baldwin, William Kanter, Michael H. Stein, Dept. of Justice, Washington, D. C., John L. Bowers, U. S. Atty., Chattanooga, Tenn., Jerry Foster, Asst. U. S. Atty., on brief.

Before EDWARDS, McCREE and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a complaint seeking review of a decision by the Secretary of Health, Education and Welfare refusing to reopen a determination that appellant is not qualified to receive disability benefits under the Social Security Act. Appellant contends that the Secretary's decision was arbitrary and an abuse of discretion within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.[1] He further contends that this

---

1. The applicable provisions of Title 5, U.S.C., provide:

§ 701. Application; definitions

(a) This chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

\* \* \* \* \*

§ 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.

\* \* \* \* \*

§ 704. Actions reviewable

Agency action made reviewable by statute and final agency action for which

court should order the Secretary to award him disability payments as requested in his application. Appellee asserts that the issues raised by the application before us are res judicata because appellant unsuccessfully presented the same disability claim in two earlier applications and failed to seek judicial review of those decisions within the time provided by statute. 42 U.S.C. § 405(g).[2] He also asserts that the Secretary's refusal to reopen the earlier negative determination regarding disability is not reviewable under either the Social Security Act or the Administrative Procedure Act.

This court today decided these issues in Maddox v. Richardson, 464 F. 2d 617 (6th Cir. 1972). We there followed our earlier decision in Gaston v. Richardson, 451 F.2d 461 (6th Cir. 1971), which held that issues raised in disability benefit applications which have been raised by earlier applications and decided adversely to the same applicant are res judicata. Accordingly, we do not reach the merits of appellant's claim for disability benefits.

We also decided in *Maddox, supra*, that the federal courts do have jurisdiction under the Administrative Procedure Act to review the Secretary's refusal to reopen a previous determination which has become final. *Accord*, Cappadora v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972). In this regard, we agree with the District Court's conclusion that the Secretary's action was neither arbitrary nor capricious, and we affirm his dismissal of the complaint.

Appellant first made application in 1967. That application was denied and a hearing was held at which appellant introduced six doctors' reports and two hospital reports. He did not seek review of the hearing examiner's decision denying him benefits. A second application was filed in 1969. A second hearing examiner considered the medical evidence introduced at the previous hearing, and two additional hospital reports submitted at the hearing on the second application, and determined that appellant was, during the relevant period, capable of performing light work of a sedentary nature. Appellant sought review of that decision by the Appeals Council, which denied review and informed him that he had 60 days from the date of the council's decision during which he could seek judicial review of the denial under 42 U.S.C. § 405(g). He did not seek judicial review of that decision.

This application, appellant's third, was filed in 1970. When it was denied, appellant requested a third hearing. The hearing examiner dismissed the request for hearing, stating:

A review of all of the evidence of record shows that claimant has offered no new and material evidence in

---

there is no other adequate remedy in a court are subject to judicial review.

. . .

§ 706. Scope of review

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

2. 42 U.S.C. § 405(g) provides:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. * * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * *

support of his application dated January 29, 1970, and there appears no apparent error in the prior decisions. Thus, there is no basis for a reopening of such decision or decisions.

Therefore, it must be concluded that there has been a previous determination or decision by the Secretary with respect to the rights of the same party, Tom H. Woods, on the same facts pertinent to the same issue, or issues, and that this determination has become final. On this basis, the Hearing Examiner must determine that the prior decision or decisions from which no appeal has been taken to the Court of proper jurisdiction constitute res judicata as to claimant's right to disability insurance benefits under the Social Security Act, as amended.

On June 29, 1970, appellant filed a timely request for review by the Appeals Council of the Social Security Administration. Then, on July 17, 1970, apparently too late for consideration by the Appeals Council before its decision, appellant submitted yet another physician's report. On July 27, the Appeals Council, without making reference to the supplemental medical report, affirmed the hearing officer's dismissal of the request for a hearing. On August 7, 1970, a member of the Appeals Council wrote a letter to appellant's attorney which stated, inter alia:

> The Appeals Council has carefully considered Dr. Donaldson's report but can find no basis for changing its previous action of which Mr. Woods was informed on November 28, 1969.

Appellant then filed this action in the District Court. While the case was pending in that court, appellant submitted written statements by two physicians (Buchner and Willingham) to the Secretary. A hearing examiner responded to appellant's attorney by a letter dated December 7, 1970, which acknowledged receipt of additional medical evidence from Doctors Buchner and Donaldson but made no reference to receipt of an October 4, 1970, letter from Dr. Willingham which is a part of the record certified to the District Court by the Social Security Administration. The hearing examiner's letter further stated:

> . . . It now appears to the undersigned that you are requesting the case be reopened and if such is the event it will be handled by one of the examiners in the office. However, I would appreciate your advice as to whether or not you wish to arrange for a reopening of the case or whether you desire to move the Court for a remand in order to introduce this evidence into the record.

On January 20, 1971, appellant filed a motion in the District Court requesting that the case be remanded to the Secretary for a determination whether the application should be reopened by him. On December 10, 1971, the District Court granted appellee's motion to dismiss the complaint but did not expressly rule upon appellant's motion for remand.

■■■ Because it appears that the Secretary has never determined whether a reopening of appellant's application would be justified in light of the most recent documents of record from Doctors Willingham and Buchner, the District Court's review of the Secretary's refusal to reopen was properly limited to consideration of the report of Dr. Donaldson. We, too, have examined the record in this case and the statement of Dr. Donaldson, and we agree that the Secretary did not abuse his discretion in refusing to reopen. Accordingly, the decision of the District Court is affirmed without prejudice to appellant if he should wish to request the Secretary to reopen to consider the statements by Doctors Willingham and Buchner under 20 C.F.R. §§ 404.957 and 404.958.

Affirmed.