Fred CARTER, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary
of Health, Education and
Welfare, Defendant.

Civ. A. No. 73–210–CH.

United States District Court,
S. D. West Virginia,
Charleston Division.

April 17, 1974.

Sterl F. Shinaberry, Charleston, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks judicial review of a decision of the Appeals Council rendered on June 7, 1973, in which the decision of the administrative law judge dated March 8, 1973, was held to be of no effect, dismissed plaintiff's request for a hearing filed on October 10, 1972, held plaintiff's request for an administrative review by the Appeals Council of the administrative law judge's decision to be a nullity and of no effect, and held that a former decision of May 19, 1967, denying relief to be in effect and the final decision of the Secretary.

Defendant has filed his motion herein to dismiss the complaint in this action as provided by Rule 12(b) of the Federal

Rules of Civil Procedure, challenging this Court's jurisdiction in this matter since it is alleged that there has been no "final decision" of the Secretary as required by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g).

The facts in this case are as follows: Plaintiff last met the special earnings requirement of the Act for entitlement to disability insurance benefits on March 31, 1965. On January 23, 1961, plaintiff filed an application for disability insurance benefits alleging disability since June 23, 1959. This claim was denied on April 8, 1961. Plaintiff was informed of his right to appeal and took no further action on that application.

On August 20, 1962, plaintiff filed another application for disability insurance benefits also alleging disability since June 23, 1959. After administrative denials, he had a hearing before a hearing examiner on November 20, 1964, at which hearing he was represented by counsel and testified. He requested a review by the Appeals Council, which review was denied on April 23, 1964. On May 28, 1964, plaintiff filed a civil action in the United States District Court for the Southern District of West Virginia at Beckley, and by order entered therein on August 16, 1965, the District Court affirmed the Secretary's denial of disability insurance benefits. Plaintiff filed an appeal to the United States Court of Appeals for the Fourth Circuit and by order filed therein on October 4, 1966, that Court vacated the judgment of the District Court and remanded the case to the District Court for further proceedings. By Order of November 9, 1966, the District Court remanded this case to the Secretary for further proceedings (consideration of plaintiff's claim consistent with the 1965 Amendments). On April 21, 1967, an additional administrative hearing was held, at which hearing plaintiff was represented by counsel and testified. The Appeals Council adopted the decision of the hearing examiner denying benefits on June 19, 1967, and by order entered on February 14, 1969, the United States District Court affirmed the Secretary's denial of disability benefits. Thereafter, on January 29, 1970, the United States Court of Appeals for the Fourth Circuit affirmed the decision of the District Court.

On April 2, 1969, the plaintiff filed this his third application for disability benefits, alleging disability since 1959. Additional medical evidence was submitted with this application. This latest application was denied initially and on reconsideration for the stated reason that the factual information furnished with this application was the same as that considered in connection with his previous applications. On October 10, 1972, plaintiff filed a request for a hearing, which hearing was held on February 26, 1973, and at which plaintiff was represented by counsel and testified. Thereafter, on March 8, 1973, the administrative law judge issued his decision denying benefits but finding, inter alia, that on the basis of the new evidence submitted with this application, plaintiff had established the existence of impairments which in combination were of such severity as to preclude him from engaging in any substantial gainful activity but that plaintiff had not established that such impairments were of sufficient severity as to preclude him from engaging in any substantial gainful activity at any time through March 31, 1965, the date he last met the earnings requirements.

On May 1, 1973, the plaintiff requested that the Appeals Council review the decision of the administrative law judge, and on June 7, 1973, the Appeals Council issued its dismissal order reopening the decision of the administrative law judge (20 C.F.R. § 404.947), dismissing the plaintiff's request for a hearing, dated October 10, 1972, on the grounds of res judicata, rendering the administrative law judge's decision of March 8, 1973, of no effect, and dismissing plaintiff's request for review deeming the same to be a nullity and of no effect. Plaintiff was advised that the determination of May 19, 1967, stood as the final decision of the Secretary. On July 25,

1973, plaintiff instituted this judicial review of the Appeals Council's dismissal order of June 7, 1973.

Defendant moves to dismiss this action on the grounds that there has been no "final decision" of the Secretary as required by Section 205(g) of the Social Security Act and, consequently, this Court is without jurisdiction, and further that relief is barred by res judicata. Similar contentions have been made by the Secretary in a number of cases of late. Tevick v. Richardson, (D.C.Minn., 4th Div., Civil No. 4–72–220, Jan. 9, 1973), CCH UIR Fed. ¶ 17,027; Garrett v. Richardson, (N.D.Tex., Abilene Div., Civil No. 1–576, Feb. 2, 1973), CCH UIR Fed. ¶ 17,116; Rogers v. Richardson, (S.C. Columbia Div., Civil No. 72–1316, July 26, 1973), CCH UIR Fed. ¶ 17,344; Carter v. Wineberger, (S.D.W.Va., Huntington Div., Civil No. 73–31–H, July 18, 1973), CCH UIR Fed. ¶ 17,374. Analogous contentions have been made, with conflicting results, in cases of "reopening." Cappadora v. Celebrezze, 356 F.2d 1 (2nd Cir. 1965); Woods v. Richardson, 465 F.2d 739 (6th Cir. 1972).

The administrative law judge may dismiss a hearing request. 20 C.F.R. § 404.937. However, he failed to do so and instead received and considered additional new and material evidence. If such request had been dismissed by the administrative law judge, certain definite avenues for review or vacation would have been available to plaintiff and within specific time limits. 20 C.F.R. § 404.937 and 20 C.F.R. § 404.938. As to the finality of a dismissal of a request for a hearing, 20 C.F.R. § 404.937b provides: "The dismissal of a request for hearing shall be final and binding unless vacated (see § 404.938)."

In its dismissal order of June 7, 1973, the Appeals Council held, inter alia:

". . . consequently the claimant's request for review thereof is a nullity and of no effect, and is hereby dismissed."

20 C.F.R. § 404.940 provides in what is deemed a material part thereof as follows:

". . . If a party's request for review of the Administrative Law Judge's decision is denied (see § 404.-947) or is dismissed (see § 404.952), such decision shall be final and binding upon all parties to the hearing unless a civil action is filed in a district court of the United States, as is provided in section 205(g) of the act, or unless the decision is revised in accordance with § 404.956."

Section 205(g) of the Act, 42 U.S.C.A. § 405(g), grants jurisdiction to this Court to review "any final decision" of the Secretary made after a hearing to which the individual was a party.

Pursuant to the authority of 42 U.S. C.A. § 405(a), the Secretary of the Social Security Administration has mapped out in his regulations a strictly defined course which a claimant for disability insurance benefits must take to pursue his rights to secure the desired benefits. The regulations make clear that a decision at each administrative level is "final and binding upon all parties" unless the claimant takes timely action to seek review at the next highest level. 20 C.F.R. § 404.901 et seq.

Plaintiff here has touched all bases required by the regulations of the Social Security Administration and has done so in proper order and within the time limitations imposed upon him. After having successfully crossed homeplate and retired to await the final score, the Appeals Council stepped in and declared a default in that it was of the opinion that plaintiff should not, after all, have been permitted to pursue the base paths after having reached second base, and should not have been permitted to continue running the base paths thereafter even though no objection was raised at the time of the contest.

As was stated in Rogers v. Richardson, supra:

"Plaintiff's position is that she is a victim of doubletalk on the part of

the Secretary. According to plaintiff, the Secretary has made a 'final decision' on the third and present application, which 'final decision' is that res judicata bars plaintiff from seeking disability benefits because the same issues were conclusively decided adversely to her when pursuit of her first application was dropped. But says plaintiff, the Secretary now contends that there is no 'final decision' as to plaintiff's disability which would give this Court jurisdiction over the subject matter of the complaint. Such position, plaintiff asserts, is both 'ambiguous and untenable.' "

The issue under consideration here is not whether the Secretary's decision that res judicata bars benefits is correct, but is rather whether the Secretary's decision that res judicata bars benefits is a "final decision" subject to judicial review. Irrespective of what the decision issued by the Appeals Council of June 7, 1973, is labeled, there is no question that the effect of the same has, without judicial review, finality as to the plaintiff in his current application for benefits.

Similar government motions grounded on a lack of jurisdiction have been denied for the reason that they ignore due process requirements, Tevick v. Richardson, supra, and on the further theory that decisions rendered by the Secretary even if precluded from review under the Social Security Act are nevertheless reviewable under the Administrative Procedure Act, 5 U.S.C. § 701, for a possible abuse of discretion as in Garrett v. Richardson, supra.

To grant such motion, it would appear, would be for this court to surrender its traditional role and close the doors of the courts to a plaintiff whose claim for social security benefits might conceivably be denied because of unreasonable or inappropriate agency action, or because of a truly arbitrary administrative decision. If this Court is without jurisdiction to entertain this review, then no authority exists for a judicial review to determine the due process treatment of a social security claimant even though the Secretary's decision might, in fact, be capricious, arbitrary or not in accordance with the law.

In this Circuit it has been determined that certain exceptions apply to administrative res judicata. Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969) [error on the face of the record]. Whether the facts and issues are the same so as to merit the application of res judicata must be considered by the Court. As was held in Peoples v. Richardson, 455 F.2d 924 (4th Cir. 1972):

> "The record now before us is adequate to show that Peoples' third application was properly dismissed by the hearing examiner under the doctrine of res judicata. The rights, issues, and facts involved in both the second and third applications were the same, and no error appears on the face of the record."

In Leviner v. Richardson, 443 F.2d 1338 (4th Cir. 1971), the hearing examiner dismissed claimant's request for a hearing and the Appeals Council considered certain statements offered by claimant but declined to alter the hearing examiner's decision. Upon judicial review, the Secretary moved for dismissal which motion was denied. The Appellate Court, after meticulously scrutinizing the procedural issues, did not question the jurisdictional validity of the review and held that a summary disposition by the District Judge on the ground that administrative res judicata could not apply was improper and remanded in order that the District Judge review the record of all prior proceedings to determine whether res judicata did apply.

Therefore, I am of the opinion that to sustain the Secretary's motion on the ground of lack of jurisdiction of this Court would be to initiate or to further a precedent inconsistent with the basic notions of due process and, more importantly, contrary to the legislative intent that administrative fact finding should be subject to judicial review. Accordingly, the Court denies the defend-

ant's motion to dismiss on the ground that there is no jurisdiction for review.

This then leads to a consideration of the Secretary's action on the merits of dismissal on grounds of res judicata. Application of the doctrine of administrative res judicata to claims arising under Title II of the Act is well recognized. Domozik v. Cohen, 413 F.2d 5 (3rd Cir. 1969); Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). Res judicata has been accepted as indispensable to the proper and orderly administration of Title II because otherwise claims might go on *ad infinitum*. Exceptions to the application of the principle of res judicata are recognized in this Circuit, and as applied to administrative decisions "is not encrusted with the rigid finality that characterizes the precept in judicial proceedings." Grose v. Cohen, supra. In *Grose* the Court concluded that the doctrine of res judicata would not preclude subsequent consideration of a claim upon its merits when there is error in such determination on the face of the evidence.

Plaintiff here last met the specific earnings requirement of the Act on March 31, 1965, and here not only is there administrative res judicata but also judicial res judicata. This Court heretofore in its Memorandum Opinion and Order of the Honorable John A. Field, Jr., District Judge, dated February 6, 1969, Carter v. Celebrezze, 367 F. 2d 382, on rem. 308 F.Supp. 954, Aff'd 421 F.2d 702, found plaintiff not to be disabled on or before March 31, 1965, and that the Secretary's decision that no disability arose between November 20, 1962, and March 31, 1965, was supported by substantial evidence. The Court in its opinion considered the objective medical facts, expert medical opinions, the plaintiff's fall from a scaffold in November, 1962, injuries received in an automobile accident in May, 1963, the opinions of at least three physicians that plaintiff was totally disabled and incapacitated, and the opinions of others that he was not able to perform heavy work but was not totally disabled. The

Court therein concluded that plaintiff's subjective pain did not warrant the application of the *Ber* doctrine. Ber v. Celebrezze, 332 F.2d 293 (2nd Cir. 1964). The Court further found that considering plaintiff's medical and vocational capacity, as disclosed by the medical evidence and the testimony of the vocational witnesses, he could perform some jobs then currently available "in the local area of his residence" (geographical requirement no longer requisite).

This Court has carefully reviewed the entire file and the various exhibits in the instant case. No error is apparent on the face of the evidence. The new evidence for the most part reiterates what the old evidence revealed, although it does establish that there has been an increase in severity with regard to physical symptomatology. Psychiatric impairment was diagnosed as early as January 7, 1969, and a diagnostic impression of "Anxiety Neurosis, severe, chronic, in a basically hysterical personality" was expressed by Dr. David M. Wayne, Psychiatrist, in a report dated March 23, 1970. While it was Dr. Wayne's opinion that plaintiff's psychiatric impairment existed prior to June 30, 1964, he failed to give any factual basis or medical or psychiatric test results which would establish such date to be accurate or reliable. Plaintiff in his memorandum in support of his request for review submitted to the Appeals Council, Bureau of Hearings and Appeals, on May 15, 1973, argues on the issue of plaintiff's psychiatric impairment the Administration's failure to have considered or evaluated the effects of this condition. In such memorandum it was argued that plaintiff has suffered and suffers pain "be it real or imaginary" with onset date at least prior to June 30, 1964, and he refers to medical reports of examinations during the period of January 7, 1969, to April 3, 1969, that contain such statements as plaintiff "malingers" about his dermatitis and arthritis, evidence of which the examiner failed to see; "vague pain all over" and "a new complaint every day"; that an ortho-

pedic consultant considered that plaintiff was greatly exaggerating his symptoms (a conversion reaction) and suggested psychotherapy. Subjective pain was definitely recognized as an appropriate factor for consideration in this case, and this Court's opinion of February 6, 1969, as aforesaid, was that the evidence did not warrant the application of the *Ber* doctrine.

It would appear, therefore, that res judicata is applicable here and that the Secretary's action in dismissing plaintiff's application is based upon substantial evidence and was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.

Accordingly, it is hereby ordered that the plaintiff's complaint in this action be and it is hereby dismissed. It is further ordered that this case be stricken from the docket.