**Tom H. WOODS, Plaintiff,**

v.

**Caspar WEINBERGER, etc.,
Defendant.**

**Civ. A. No. 5989.**

United States District Court,
E. D. Tennessee, S. D.

May 28, 1974.

Hugh J. Moore, Jr., Asst. U. S. Atty., Chattanooga, Tenn., for plaintiff.

H. H. Gearinger, Chattanooga, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The judgment of this Court dismissing this action was affirmed on appeal without prejudice to the plaintiff's requesting the defendant Secretary to reopen the matter to consider certain additional medical statements. Woods v. Richardson, C.A. 6th (1972), 465 F.2d 739. Such an application was made, and the defendant's appeals council refused to reopen its earlier determination. On motion of the plaintiff, the matter was remanded to the defendant for the sole purpose of supplementing the record, so as to provide the Court with all the material presented to such appeals council upon the plaintiff's application to reopen. See memorandum and order of remand of July 9, 1973 herein. The plaintiff thereupon renewed his motion for a summary judgment, Rule 56(a), Federal Rules of Civil Procedure, and the defendant moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure. The matter is now before the Court for judicial review of the refusal of the defendant administrator to reopen the matter for such consideration. See Maddox v. Richardson, C.A. 6th (1972), 464 F.2d 617, 619–622 [2].

The plaintiff contends that he provided a sufficient basis for the reopening of this matter. 20 C.F.R. §§ 404.-957–404.958. The only issues before this Court at this time are whether the defendant Secretary abused his discretion in the action he took, and whether

such action was arbitrary or capricious. 5 U.S.C. § 706(2)(A).

The subsequently considered reports of Dr. E. F. Buchner, III of October 6 and November 27, 1969 and of January 23 and August 22, 1973 express his opinion that Mr. Woods is disabled due to a number of conditions, principally scoliosis with arthritis of the dorsal and lumbar vertebra, and that pain resulted therefrom which precluded any gainful employment prior to June 30, 1968, the date on which Mr. Woods' insured status terminated. The subsequently considered report * of February 16, 1968 of Dr. W. Houston Price reflected some evidence that Mr. Woods had a protrusion of a lumbar intervertebral disc which such physician thought would handicap him in doing work requiring lifting, and that there was a moderate functional overlay in Mr. Woods' symptomatology. The subsequently considered report of Dr. Winborn B. Willingham, Jr., a urologist, was essentially negative except for this physician's impression that Mr. Woods' difficulty was paravertebral muscle pain which was being exaggerated by his progressing scoliosis. Finally, the subsequently considered report of August 24, 1973 of Dr. Wesley H. Stoneburner, an internist, reflected his opinion of some limitation of straight legraising bilaterally, chronic low back pain with a *possible* history of injury in 1957 and increasing symptoms since 1961. Dr. Stoneburner advised further orthopedic examination.

Against these medical opinions were those of Dr. Ernest A. Brav, an orthopedist, and Dr. John D. Herman, an internist, who evaluated all the medical evidence then before the Secretary. Dr. Brav concluded on October 26, 1972 that it was clear therefrom that Mr. Woods did not have any severe impairment of his spine or extremities, and that nothing in the record indicated that limited but regular work activity was not possible for Mr. Woods in June, 1968. Al-

though Dr. Brav found definite evidence of degenerative disc disease, he found no evidence of a herniated lower lumbar disc with a degree of nerve root compression which would produce such pain as to preclude all forms of work activity and found no evidence of a continued total impairment of 12 months' duration. In his own field, Dr. Herman did not find that the records indicated any significant impairment, or evidence of significant end organ damage, although he opined that Mr. Woods had a mild hypertension.

So, while the defendant might have come to a different conclusion, this Court is of the opinion that he did not abuse his discretion in arriving at his decision, and that the action he took was neither arbitrary or capricious. For such reason, his motion for a summary judgment hereby is Granted, and the plaintiff hereby is Denied all relief. Rule 58(1), Federal Rules of Civil Procedure.

---

\* This report is indexed in the supplemental record but not included therein. The defendant voiced no objection to the Court's considering such material appearing in the plaintiff's brief of January 8, 1974 herein.