James W. SHELL, Plaintiff,

v.

Caspar WEINBERGER, etc.,
Defendant.

No. Civ-2-74-87.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Nov. 12, 1974.

On Motion to Dismiss Dec. 17, 1974.

Rowland E. Verran, Johnson City, Tenn., for plaintiff.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

This is an action under, *inter alia*, the Administrative Procedures Act, 5 U.S.C. § 701 et seq., involving the plaintiff's claim for a period of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. The defendant moved for a dismissal for lack of jurisdiction of the subject matter, Rule 12(b)(1), Federal Rules of Civil Procedure, and for the failure of the

plaintiff to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure. The plaintiff moved for a summary judgment. Rule 56(a), Federal Rules of Civil Procedure.

The plaintiff contends that his claim as above was denied initially by the defendant on August 1, 1972; that thereafter he filed an application for a reconsideration of such initial determination, which was likewise denied on February 28, 1973; that he thereupon applied for a reopening of such determination on March 5, 1974, claiming that good cause existed therefor because he had been furnished with new and material evidence in support of his claim; and that such application for such reopening was denied by the defendant's bureau of hearings and appeals on March 29, 1974. It does not appear, however, that the plaintifff gave the defendant's proper agent notice of the new and material evidence on which he proposed to rely. He exhibited with his aforementioned motion such evidence in the form of several exhibits.

It is provided that:

An initial, revised or reconsidered determination of [the Social Security] Administration * * * which is otherwise final * * * may be reopened

\* \* \* \* \* \*

(b) After such 12-month period [from the date of the notice of the initial determination], but within 4 years after the date of the notice of the initial determination * * * to the party of such determination, upon a finding of good cause for reopening such determination or decision.

20 C.F.R. § 404.957. "Good cause" is to be deemed to exist where new and material evidence is furnished after notice to the party to the initial determination. 20 C.F.R. § 404.958. Considering the plaintiff's motion for a summary judgment and the defendant's motion for failure

to state a claim as such notice, it is the Court's understanding from the records exhibited that the plaintiff has never "furnished" his allegedly new and material evidence to the defendant's agents. His counsel stated in an affidavit that he (counsel) sent to the Johnson City, Tennessee office of the Social Security Administration such evidence on some unrevealed date, but this evidence does not appear to have reached " * * * the party to the initial determination * * * ", i. e., the defendant's director, division of reconsideration. Thus, it appears to this Court that the defendant has made no decision as to the reopening of his reconsidered determination and its corollary, whether good cause is extant for such reopening in the form of new and material evidence.

■ This Court is authorized to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1). The defendant has not unlawfully withheld agency action and cannot be said in the premises to have unreasonably delayed the same. At the same time, it appears to the Court that, to prevent further delay, now that the evidence relied upon is exhibited herein, the defendant should now proceed to consider such evidence in the light of 20 C.F.R. §§ 404.957, 404.958.* The defendant will show within 20 days herefrom any cause why his director, division of reconsideration, bureau of disability insurance, Social Security Administration should not proceed to such consideration and decision.

## MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

The defendant was ordered to make a timely showing of any cause why his director, division of reconsideration, bureau of disability insurance, Social Security Administration, should not proceed immediately to consider whether the evidence belatedly furnished by the plaintiff is new and material and constitutes

---

\* The Court understands that four years have not elapsed from the date of the notice of the initial determination of the plaintiff's claim.

good cause for reopening the determination herein. See memorandum and order herein of November 12, 1974. The defendant's response thereto was the filing of a motion for the reconsideration of such memorandum and order.

The purport of the defendant's latest motion appears to be that this Court lacks jurisdiction of the subject matter of this action. Although it has been held that the Administrative Procedure Act " * * * does not confer jurisdiction on the courts * * * " to review an alleged abuse of discretion in the dismissal of an employee of a nonappropriated fund governmental activity, *Bramblett v. DeSobry,* C.A.6th (1974), 490 F.2d 405, 406[6], the same Court has held " * * * that the federal courts do have jurisdiction under the Administrative Procedures Act to review the Secretary's refusal to reopen a previous determination [in a Social Security disability case] which has become final. * * * " *Woods v. Richardson,* C.A.6th (1972), 465 F.2d 739, 741[2], citing *Maddox v. Richardson,* C.A.6th (1972), 464 F.2d 617.

■ The purport of the Court's earlier order to show cause herein was that, although the plaintiff had not gotten his allegedly new and material evidence to the proper official of the Social Security Administration, such additional evidence was now available and is exhibited in this action, and the proper official in the interest of economy of time should proceed to consider it under the provisions of 20 C.F.R. §§ 404.957, 404.958. This Court can appreciate the desire of the defendant to make " * * * sure of the observance of proper procedure * * * ", see defendant's brief of November 26, 1974 herein; at the same time, the defendant must ever bear in mind that: " * * * The Social Security Act is remedial in nature * * * and is to be construed liberally. * * * " *Walston v. Gardner,* C.A.6th (1967), 381 F.2d 580, 585[2].

■ As the plaintiff has not followed the precise requirements of the afore-

mentioned regulation, and as the defendant-administrator has opted for narrow technicalities which proscribe and thwart the policies and purposes of the Act, this Court has no choice but to DISMISS this action for want of jurisdiction. 42 U.S.C. § 405(g); 5 U.S.C. § 701 et seq. Judgment to that effect will enter, Rule 58(1), Federal Rules of Civil Procedure, but without prejudice to the plaintiff's making, if still timely, a proper request for the Secretary to reopen to consider the allegedly new and material evidence. See *Woods v. Richardson, supra,* 465 F.2d at 742.